**NOT FOR PUBLICATION**

**POSTED TO THE WEBSITE**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:

KENNETH G. WILKINSON,

                    Debtor.

Case No. 24-24334-A-13

**Memorandum Regarding Motions for Contempt (Stay Violation by PHH Mortgage), ECF No.170**

Argued and submitted on September 9, 2025

at Sacramento, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances:          Kenneth Wilkinson, in propria persona;
                      Kelly G. Wilkinson, in propria persona;
                      Jillian Benbow, Aldridge Pite LLP for
                      Aldridge Pite LLP; and Kathryn A. Moorer
                      and Arnold Graff, Wright, Finley & Zalk,
                      LLP for PHH Mortgage Corporation, Western
                      Progressive Trustee, LLC; Bank of New York
                      Mellon Trust Company, N.A.; JP Morgan
                      Chase, as Trustee for Residential Asset
                      Mortgage Products, Inc; Mortgage Asset-
                      Backed Pass-Through Certificates, Series
                      2003-RP-1; and Wright, Finlay & Zak, LLP

Section 362(a) protects the debtor, property of the estate and property of the debtor property from collection efforts during the bankruptcy.  Kenneth Wilkinson owns real property subject to a note and deed of trust in favor of PHH Mortgage.  The note and deed of trust were taken by Wilkinson's now deceased wife.  After Wilkinson filed a Chapter 13 bankruptcy, PHH sent five written communications to Wilkinson's deceased spouse.  Did PHH Mortgage violate the stay?

**I.    FACTS**

Kenneth G. Wilkinson and Kelly G. Wilkinson ("plaintiffs Wilkinson") are engaged in a dispute with the holders of the note and deed of trust against the home in which they reside, 3961 Nugget Lane, Placerville, California ("the property").  The Wilkinsons reside on the property.[1]

Lei Anne Wilkinson acquired the property.  Ex. A & B, Mot. Dismiss Compl. ECF No. 14.  In 1999, Lei Anne Wilkinson executed a promissory note in the amount of $136,000 and a deed of trust against the property in favor of BYL Bank.  *Id.* at Ex. C.  Over time, the promissory note and deed of trust were assigned to other financial institutions, terminating with the Bank of New York Mellon Trust Company.  *Id.* at D-I.

In March 2020, Lei Anne Wilkinson died.  Findings and Recommendations 2:12, *Wilkinson v. PHH Mortgage Corporation et al.*, No. 2:24-cv-1416 (E.D. Cal. February 20, 2025), adopted Order ECF No. 31.  Her ashes are scattered on the property.  Kelly Wilkinson decl.

---

[1] For the most part, the motions are supported by relevant evidence.  See Kenneth G. Wilkson decl., ECF No. 29; Kelly G. Wilkinson decl., ECF No. 28.  The court has gleaned the following facts from the record and ancillary filings.  For the purpose of context only, the court takes judicial notice of facts contained in the ancillary filings.  Fed. R. Evid. 201.

¶¶4, 6, ECF No. 28: Kenneth Wilkinson ¶ 2, ECF No. 29.  Thereafter, the property passed to the plaintiffs Wilkinson.  Findings and Recommendations 2:12, *Wilkinson*, 2:24-cv-1416.

In 2021, the loan went into default for non-payment.  *Id.* at 2:13-14.  In 2023, Western Progressive, LLC, acting as the trustee, issued its Notice of Default and Election to Sell.  Ex. J., Mot. to Dismiss Compl., ECF No. 14.

In April 23, 2024, Western Progressive, LLC recorded its Notice of Trustee's Sale.  Ex. K, Mot. Dismiss Compl. ECF No. 14.  The sale was scheduled for May 23, 2024.

In May 2024, Kenneth G. Wilkinson and Kelly G. Wilkinson filed an action in district court against PHH Mortgage Corporation and Western Progressive LLC. Compl. ECF No. 1.  The complaint contended that defendants PHH Mortgage Corporation and Western Progressive LLC were "attempting to enforce a void mortgage contract" and included causes of action for breach of contract, breach of the covenant of good faith and fair dealing, injunctive relief, and quiet title.  Am. Compl., ECF No. 10.  Defendants PHH Mortgage Corporation and Western Progressive LLC moved to dismiss the complaint.  Finding a lack of standing on the part of Kenneth G. Wilkinson and Kelly G. Wilkinson, the district court dismissed the complaint without leave to amend. Findings and Recommendations 2:12, *Wilkinson v. PHH Mortgage Corporation*, No. 2:24-cv-1416 (E.D. Cal. February 20, 2025), adopted Order ECF No. 31.

On September 26, 2024, Western Progressive, LLC conducted the foreclosure sale for the property and the holder of the note and deed of trust, Bank of New York Mellon Trust Company was the successful bidder.  Ex. L, Mot. Dismiss Compl. ECF No. 14.

On September 27, 2024, Kenneth Wilkinson filed a Chapter 13 bankruptcy petition. Schedule A/B listed 3961 Nugget Lane, Placerville and described its value as $325,000. Schedule A/B, ECF No. 20. Schedule D listed a secured debt against the property of $267,302 in favor of PHH Mortgage Corporation. Schedule D, ECF No. 20. Western Progressive LLC and Bank of New York Mellon were also listed as secured creditors. Notwithstanding the foreclosure sale on the day prior to filing bankruptcy, Kenneth G. Wilkinson answered "No" to the question: "Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?" Statement of Financial Affairs No. 10, ECF No. 21. The debtor has proposed, but not confirmed, a plan.

On December 5, 2024, Western Progressive, LLC recorded the Trustee's Deed Upon Sale in favor of the Bank of New York Mellon Trust Company. Ex. L, Mot. Dismiss Compl. ECF No. 14.

On May 16, 2025, the plaintiffs Wilkinson brought an adversary proceeding against PHH Mortgage Corporation; Western Progressive, LLC; Wright, Finlay & Zak, LLP, Bank of New York Mellon Trust, and Aldridge Pite LLP. The complaint pleads causes of action for declaratory relief; unconscionable contract, violation of the Fair Debt Collections Practices Act, failure of consideration, and violation of the stay. The defendants have moved to dismiss the complaint under Rule 12(b)(6); the plaintiffs oppose those motions, which remain pending.

Subsequent thereto, PHH and/or NewRez sent five different communications to the 3961 Nugget Lane Property: (1) a Corrected 1099-A Internal Revenue Tax Form addressed to "Lei Wilkinson," date known; (2) a Monthly Mortgage Statement addressed to "Lei Wilkinson," dated

June 30, 2025; (3) a letter requesting hazard insurance information addressed to "Lei Wilkinson," dated July 7, 2025; (4) a letter outlining mortgage assistance options addressed to "Lei Wilkinson," dated July 8, 2025; and (5) a Monthly Mortgage Statement addressed to "Lei Wilkinson," dated July 17, 2025.  All except the IRS 1099-A contain the verbiage, "Our records show that you are a debtor in bankruptcy.  We are sending this statement to you for informational and compliance purposes only.  It is not an attempt to collect a debt against you" or words to similar effect.

**II.  PROCEDURE**

The Wilkinsons move for an order of contempt against PHH Mortgage for "five separate and distinct [one for each letter] post-petition violations of the automatic stay."  Mot. 2:18-20, ECF No. 170.  PHH Mortgage opposes the motion.

**III.  JURISDICTION**

This court has jurisdiction.  28 U.S.C. §§ 1334(a)-(b), 157(b); see also General Order No. 182 of the Eastern District of California. The matter falls within the bankruptcy court's core jurisdiction, 28 U.S.C. § 157(a) (arising "under title 11"); 28 U.S.C. § 157(b)(G),(O).

**IV.  DISCUSSION**

Stay violations may be redressed by a motion for contempt.  *In re Goodman,* 991 F.2d 613, 619-620 (9th Cir. 1993); see FRBP 9020; *In re Rainbow Magazine, Inc.,* 77 F.3d 278, 284-285 (9th Cir. 1996).  Actual knowledge of the stay is required.  *Matter of Hailey*, 621 F.2d 169, 172 (5th Cir. 1980); *Matter of Carter* 691 F.2d 390, 391 (8th Cir. 1982).  The movant carries the burden of proof.  *In re Dyer*, 322 F.3d 1178, 1190-91 (9th Cir. 2003) ("[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated

5

a specific and definite order of the court," citing *Bennett*, 298 F.3d
at 1069).

The "metes and bounds of the automatic stay are provided by [11
U.S.C. § 362] and systematically applied to all cases[.]" *Jove Eng'g
v. IRS (In re Jove Eng'g)*, 92 F.3d 1539, 1546 (11th Cir.1996).

> (a) Except as provided in subsection (b) of this section, a
> petition filed under section 301, 302, or 303 of this
> title, or an application filed under section 5(a)(3) of the
> Securities Investor Protection Act of 1970, operates as a
> stay, applicable to all entities, of--
>
>> (1) the commencement or continuation, including the
>> issuance or employment of process, of a judicial,
>> administrative, or other action or proceeding *against
>> the debtor* that was or could have been commenced
>> before the commencement of the case under this title,
>> or to recover a claim against the debtor that arose
>> before the commencement of the case under this title;
>>
>> (2) the enforcement, *against the debtor or against
>> property of the estate*, of a judgment obtained before
>> the commencement of the case under this title;
>>
>> (3) *any act to obtain possession of property of the
>> estate* or of property from the estate or to exercise
>> control over property of the estate;
>>
>> (4) any act to create, perfect, or enforce any lien
>> *against property of the estate*;
>>
>> (5) any act to create, perfect, or enforce *against
>> property of the debtor* any lien to the extent that
>> such lien secures a claim that arose before the
>> commencement of the case under this title;
>>
>> (6) any act to collect, assess, or recover a claim
>> *against the debtor* that arose before the commencement
>> of the case under this title...

11 U.S.C. § 362(a)(1)-(6) (emphasis added).

Section 362 protects the debtor, property of the estate, property
of the debtor and nothing and no one else. *In re Casgul of Nev.,
Inc.*, 22 B.R. 65, 66 (9th Cir. BAP 1982). Non-debtors are not
protected by the stay. *In re Qarni*, No. 19-12679-A-13, 2019 WL
6817106, at *3 (Bankr. E.D. Cal. Dec. 11, 2019)(citing *In re Chugach

*Forest Products, Inc.*, 23 F.3d 241, 246 (9th Cir. 1994); *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491-1492 (9th Cir. 1993)) (emphasis added).

Section 362(a)(6) ("act to collect, assess, or recover a claim against the debtor") represents the broadest of stay provisions. Of course, it includes communications that attempt to collect a debt. But not all communications between a debtor and a creditor are prohibited; it is only those designed to coerce payment of a prepetition debt. *Morgan Guar. Trust Co. of N.Y. v. Am. Sav. and Loan Ass'n*, 804 F.2d 1487, 1491 (9th Cir.1986). The Bankruptcy Appellate Panel for the Ninth Circuit has articulated beautifully the standard:

> We begin our analysis with the premise that the automatic stay does not prevent all communications between a creditor and the debtor. Whether a communication is a permissible or prohibited one is a fact-driven inquiry which makes any bright line test unworkable. However, case law provides us with some guidance in defining which creditor communications violate the stay.
>
> Prohibited communications include those where direct or circumstantial evidence shows the creditor's actions were geared toward collection of a prepetition debt, were accompanied by coercion or harassment, or otherwise put pressure on the debtor to pay. But mere requests for payment and statements simply providing information to a debtor are permissible communications that do not run afoul of the stay.

*In re Zotow*, 432 B.R. 252, 258–59 (B.A.P. 9th Cir. 2010) (citations omitted).

Having reviewed the five communications of which debtor Kenneth G. Wilkinson complains the court draws these conclusions. First, none of the five communications are an attempt to enforce a debt "against property of the estate," 11 U.S.C. § 362(a)(2)-(4), or "property of the debtor." 11 U.S.C. § 362(a)(5). These communications are in personam.

Second, they are not "an act to collect, assess, or recover a

1  claim against the debtor." 11 U.S.C. § 362(a)(1),(a)(6). Kenneth

2  Wilkinson has two problems. The stay only protects the "debtor." 11

3  U.S.C. § 101(13) (the person who filed bankruptcy); *Chugach Forest*

4  *Products, Inc.*, 23 F.3d at 246; *Dos Cabezas Corp.*, 995 F.2d at 1491-

5  1492. Kenneth Wilkinson is the debtor and is protected by the stay;

6  Lei Wilkinson is not a "debtor" and is not protected by the stay. All

7  communications were directed to "Lei Wilkinson."

8       Moreover, these communications are of the informational, not in

9  the flavor of coercion and/or harassment. *In re Zotow*, 432 B.R. 252,

10  259 (B.A.P. 9th Cir. 2010) (recognizing the Chapter 13 debtors need

11  for information for confirmation of a plan). No demand for payment,

12  nor threat is made. And, in fact, each of the communications (except

13  the IRS 1099-A form) include verbiage that specifically state that

14  they recognize the bankruptcy and are not attempting to collect a

15  debt.

16  **V.  CONCLUSION**

17       For each of these reasons, the court finds that Kenneth Wilkinson

18  has not made a prima facie case and will deny the motion. An order

19  will issue from chambers.

20  **Dated:** September 16, 2025

21

22  _____

23  **Fredrick E. Clement**
    **United States Bankruptcy Judge**

24

25

26

27

28

# Instructions to Clerk of Court

### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked \_\_\_\_, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| **All Creditors** and Interested Parties | |