**NOT FOR PUBLICATION**

**POSTED TO THE WEBSITE**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 24-24334-A-13 |
| KENNETH GENE WILKINSON, | KGW-1, KGW-2, and DPC-3 |
| Debtor. | **MEMORNADUM REGARDING OBJECTION TO PROOF OF CLAIM NO. 1, MOTION TO CONFIRM PLAN, ECF NO. 187, AND TRUSTEE'S MOTION TO DISMISS CASE** |

Argued and submitted on November 18, 2025

at Sacramento, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances: Kenneth Wilkinson, Debtor in propria persona; Neil Enmark, Chapter 13 Trustee; Russ Stong, for Objecting Creditor, Bank of New York Mellon

Chapter 13 bankruptcy allows debtors to reconfigure their finances by way of a plan that binds creditors. 11 U.S.C. § 1327. Usually, a debtor may not modify a secured interest in real property that is the debtor's principal residence. Failure to confirm a plan is cause for dismissal. 11 U.S.C. § 1307(c). Kenneth Wilkson wants to avoid the deed of trust that encumbers his residence, citing fraud that the lender committed against his spouse 26 years ago. After 14 months of trying, he has not been able to do so. Should the court confirm his plan or dismiss the case?

## I. FACTS

The impetus behind this Chapter 13 case is a dispute between the Bank of New York Mellon and debtor Kenneth Wilkinson ("Wilkinson") and regarding his residence, 3961 Nugget Lane, Placerville, California. Wilkinson took title to the property in 2020 when his former spouse, Lei Anne Wilkinson died. Prior to her death and without the participation of Kenneth Wilkinson, Lei Wilkinson encumbered the property by note and deed of trust now held by the Bank of New York Mellon Trust Company.

### A. The Dispute with the Bank of New York Mellon Trust

In 2021, the note went into default and, sometime thereafter, the bank commenced foreclosure proceedings. In the spring of 2024, the bank, acting through its agents, noticed a foreclosure sale.

Thereafter, Kenneth G. Wilkinson and Kelly G. Wilkinson filed an action in the U.S. District Court against PHH Mortgage Corporation and Western Progressive LLC. The complaint contended that defendants PHH Mortgage Corporation and Western Progressive LLC were "attempting to enforce a void mortgage contract" and included causes of action for breach of contract, breach of the covenant of good faith and fair

dealing, injunctive relief, and quiet title. Defendants PHH Mortgage Corporation and Western Progressive LLC moved to dismiss the complaint. Finding a lack of standing on the part of Kenneth G. Wilkinson and Kelly G. Wilkinson, the District Court dismissed the complaint without leave to amend. Findings and Recommendations 2:12, *Wilkinson v. PHH Mortgage Corporation*, No. 2:24-cv-1416 (E.D. Cal. February 20, 2025), adopted by Order, ECF No. 31.

On September 26, 2024, Western Progressive, LLC, conducted the foreclosure sale for the property and the holder of the note and deed of trust, Bank of New York Mellon Trust Company was the successful bidder.

**B. Wilkinson files a Chapter 13 Bankruptcy**

On September 27, 2024, the day following the foreclosure sale, Kenneth G. Wilkinson, acting in propria persona, filed a Chapter 13 bankruptcy petition. Schedule A/B listed 3961 Nugget Lane, Placerville and described its value as $325,000. Schedule D listed a secured debt against the property of $267,302.00 in favor of PHH Mortgage Corporation. Western Progressive LLC and Bank of New York Mellon were also listed as secured creditors. Notwithstanding the foreclosure sale on the day prior to filing bankruptcy, Kenneth G. Wilson answered "No" to the question: "Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?"

On December 5, 2024, Western Progressive, LLC recorded the Trustee's Deed Upon Sale in favor of the Bank of New York Mellon Trust Company.

The most recent Schedules I and J show that the debtor is a household of three persons: himself, his son (age 37), and his

granddaughter (age 13). Suppl. Schedules I and J, ECF No. 111. Wilkinson is retired; his income is $1,899 (comprised of Social Security $1,608 and the Supplemental Assistance Program $291). Household expenses aggregate $3,491.11, leaving him negative disposable income of $1,592.11.

Over the life of this case, debtor Wilkinson has proposed three Chapter 13 plans. Despite the passage of 14 months, Wilkinson has not confirmed a plan.

The claims bar date has passed. The only creditor that filed a Proof of Claim was Bank of New York Mellon; rather than reflecting the foreclosure sale, the claim shows a secured claim in the amount of $277,124.94, including a delinquency of $52,783.85.

Over the life of the plan Wilkinson has paid the Chapter 13 trustee an aggregate of $420. Status Report, ECF No. 225.

### C. The Adversary Proceeding

Shortly after filing the Chapter 13 bankruptcy, the Wilkinsons brought an adversary proceeding against PHH Mortgage Corporation; Western Progressive, LLC; Wright, Finlay & Zak, LLP, Bank of New York Mellon Trust, and Aldridge Pite LLP. The complaint pleads causes of action for declaratory relief; unconscionable contract, violation of the Fair Debt Collections Practices Act, failure of consideration, and violation of the stay. Compl., *Wilkinson v. PHH Mortgage Corporation*, No. 25-2061 (Bankr. E.D. Cal. May 16, 2025). The defendants filed Rule 12(b)(6). After taking argument, invoking the doctrine of issue preclusion, this court dismissed all causes of action (except the stay violation) with prejudice. Mem., *Wilkinson v. PHH Mortgage Corporation*, No. 25-2061 (Bankr. E.D. Cal.2025), ECF No. 126. Except as to Aldridge Pite LLP, the court denied the motion as to the stay

4

violation cause of action.

**II. PROCEDURE**

Before the court are three interrelated matters. Wilkinson objects to the Bank of New York Mellon Claim and seeks to confirm his Chapter 13 plan. The claim objection contains a long list of grievances. The Chapter 13 plan provides for payments to the trustee of $20 per month for 60 months. Chapter 13 plan §§ 2.01, 2.03, ECF No. 210. Other than the Chapter 13 trustee's fees, the plan provides for no payments to creditors (including the Bank of New York Mellon). The non-standard provisions of the plan provide:

> 7.01 Treatment of Disputed Secured Claim No. 1-1: The Debtor disputes Claim No. 1-1 in its entirety as fraudulent, void, and unenforceable. The claim is asserted by a jurisdictional ghost with no legal capacity in California, and the underlying debt was confessed to be ZERO in a sworn IRS Form 1099-A. The treatment of this claim is contingent on the final, non-appealable outcome of the concurrently noticed Motion to Disallow Claim (DCN: KGW-1) and the related Adversary Proceeding (No. 25-02061). Pursuant to this plan, the Debtor shall pay $0.00 on account of this claim.
>
> 7.02 Lien Avoidance: Upon entry of a final, non-appealable judgment in Adversary Proceeding 25-02061 that results in a net judgment in favor of the Debtor, or any order of this Court disallowing Claim 1-1, any and all liens asserted by the creditor against the Debtor's principal residence shall be deemed avoided and extinguished as a matter of law.

Id. at §§ 7.01-7.02.

Chapter 13 trustee David P. Cusick moves to dismiss the case for failure to propose and confirm a Chapter 13 plan. That motion has been pending for eight months and has been continued multiple times to allow the debtor to propose a plan.

**III. JURISDICTION**

This court has jurisdiction. 28 U.S.C. §§ 1334(a)-(b), 157(b); see also General Order No. 182 of the Eastern District of California.

Jurisdiction is core, 28 U.S.C. § 157(a) (arising "under title 11"): (1) as to plan confirmation, 28 U.S.C. § 157(b)(2)(L); 11 U.S.C. §§ 1322, 1325; *Bullard v. Blue Hills Bank*, 575 U.S. 496, 503 (2015); *In re Oakhurst Lodge, Inc.*, 582 B.R. 784, 790 (Bankr. E.D. Cal. 2018); (2) as to the objection to the claim of the Bank of New York Mellon, 28 U.S.C. § 157(b)(2)(B); *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987); *In re Bellucci*, 119 B.R. 763, 769, fn. 12 (Bankr. E.D. Cal. 1990); *In re Sinclair*, 563 B.R. 554, 564 (Bankr. E.D. Cal.2017); and (3) as to the motion to dismiss, 28 U.S.C. § 157(b)(2)(A); In re *Hickman*, 384 B.R. 832, 836 (9th Cir. BAP 2008); *In re Malek*, 591 B.R. 420, 426 (Bankr. N.D. Cal. 2018).

**IV. DISCUSSION**

    **A. Claim Objection**

Section 502(a) provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). A claim must be disallowed if it is unenforceable under applicable nonbankruptcy law. See 11 U.S.C. § 502(b)(1); accord *Diamant v. Kasparian (In re S. Cal. Plastics, Inc.)*, 165 F.3d 1243, 1247 (9th Cir. 1999).

Federal Rule of Bankruptcy Procedure 3001(f) prescribes the evidentiary effect of "[a] proof of claim executed and filed in accordance with [the] rules." Fed. R. Bankr. P. 3001(f). If properly executed and filed under the rules along with all supporting documentation that may be required, see, e.g., Fed. R. Bankr. P. 3001(c), the proof of claim is given an evidentiary presumption of validity. See Fed. R. Bankr. P. 3001(f); *Diamant*, 165 F.3d at 1247-48.

The evidentiary presumption created by Rule 3001(f) "operates to shift the burden of going forward but not the burden of proof." See *Litton Loan Servicing, LP v. Garvida (In re Garvida)*, 347 B.R. 697, 706 (B.A.P. 9th Cir. 2006) (citing *Garner v. Shier (In re Garner)*, 246 B.R. 617, 622 (B.A.P. 9th Cir. 2000); *Diamant*, 165 F.3d at 1248). But this evidentiary presumption is rebuttable. *Id*. at 706. "One rebuts evidence with counter-evidence." *Id*. at 707; see also *Am. Express Bank, FSB v. Askenaizer (In re Plourde)*, 418 B.R. 495, 504 (B.A.P. 1st Cir. 2009) ("[T]o rebut the prima facie evidence a proper proof of claim provides, the objecting party must produce 'substantial evidence' in opposition to it.").

"A creditor who files a proof of claim that lacks sufficient support under Rule 3001(c) and (f) does so at its own risk. That proof of claim will lack prima facie validity, so any objection that raises a legal or factual ground to disallow the claim will likely prevail absent an adequate response by the creditor." *Campbell v. Verizon Wireless S-CA (In re Campbell)*, 336 B.R. 430, 436 (B.A.P. 9th Cir. 2005).

Furthermore, "[a] claim that is not regular on its face does not qualify as having been 'executed and filed in accordance with these rules.'" Litton Loan Servicing, 347 B.R. at 707 n.7 (quoting Fed. R. Bankr. P. 3001(f)). Such a claim lacks prima facie validity.

However, "a claim objection that does not actually contest the debtor's liability or the amount of the debt is not enough to disallow a proof of claim, even if the proof of claim lacks the documentation required by Rule 3001(c)." *Campbell*, 336 B.R. at 434. In other words, objections based solely on noncompliance with Rule 3001(c) are insufficient to disallow a claim absent any factual or legal

disagreement as to the liability or amount of the claim. Id. at 434-36.

The burden of proof, however, always remains on the party who carries the burden under applicable nonbankruptcy law. Because the burden of proof is "a substantive aspect of a claim," *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20-21 (2000) (internal quotation marks omitted), it is governed by nonbankruptcy law, usually state law, applicable to a claim, see id. ("[S]tate law governs the substance of claims [in bankruptcy]." (citing *Butner v. United States*, 440 U.S. 48, 57 (1979))); *Garvida*, 347 B.R. at 705. "That is, the burden of proof is an essential element of the claim itself; one who asserts a claim is entitled to the burden of proof that normally comes with it." *Raleigh*, 530 U.S. at 21.

Here, the Proof of Claim is not in substantial conformity with Rule 3001. *In re Desert Springs Fin.*, LLC, No. 6:16-BK-14859-MW, 2017 WL 1434403, at *6 (B.A.P. 9th Cir. Apr. 20, 2017). There are at least two failures. At the outset, the Bank of New York Mellon must show standing, i.e., a chain of assignments from the originator of the loan to itself. *In re Veal*, 450 B.R. 897, 922 (B.A.P. 9th Cir. 2011). It has not done so. A review of the assignments from BYL Bank Group and its successors-in-interest do not allow the court to connect the dots from BYL Bank to the Bank of New York Mellon.

Moreover, the Bank of New York Mellon has not fully complied with Rule 3001(c)(2)(A), which requires an "itemized statement of the principal amount and any interest, fees, expenses, or other charges incurred before the petition was filed." Fed. R. Bankr. P. 3001(c)(2)(A); *In re Baroni*, No. AP 13-01071, 2015 WL 6941625, at *6 (B.A.P. 9th Cir. Nov. 10, 2015), *aff'd*, 697 F. App'x 562 (9th Cir.

2017) (to enjoy the presumption of validity the Proof of Claim must be supported by "(1) a copy of the writing on which it was based, as required by Rule 3001(c)(1); (ii) various statements required by Rule 3001(c)(2)(A), (B) and (C); and (iii) a copy of the deed of trust showing that it had been recorded in the Clark County Recorder's office, as required by Rule 3001(d))"). Here, the "itemized statement of the principal amount and any interest..." is missing and, therefore, there is not substantial compliance with Rule 3001 and the presumption does not arise. Though some of this information is reflected on the face pages of the Proof of Claim, no breakdown has been provided. And without the itemized statement, the debtor cannot verify the accuracy of the Form 410A attached to the Proof of Claim.

　　　Moreover, the Bank of New York Mellon has not offered other evidence with regard to the validity and amount of its claim, particularly, on the issue of standing. As a result, the bank has not sustained its burden of proof, and the objection will be sustained without prejudice.[1]

**B.　Confirmation**

　　　Chapter 13 plan confirmation lies at the heart of adjustment of debts. Whether a particular plan may be confirmed, is governed by the code, rules, and local rules. 11 U.S.C. §§ 1322, 1325; Federal Rules of Bankruptcy Procedure 2002(a)(9), 3015, 3015.1; LBR 3015-1. The debtor has the burden of proving that the plan complies with all statutory requirements of confirmation. *In re Andrews*, 49 F.3d 1404,

---

[1] Proof of Claims may be amended after the claims bar date provided the claim related back. 11 U.S.C. § 502(b)(9) (disallowing untimely claims); *In re Westgate-California Corp.*, 621 F.2d 983, 984 (9th Cir. 1980). Were the case not being dismissed, undoubtedly the creditor would file an amended claim that related back. Given a $52,783.85 arrearage, absent sale or refinance of the property or a substantial increase in income, plan confirmation is a bridge too far.

9

1407-08 (9th Cir. 1995); *In re Barnes*, 32 F.3d 405, 407-08 (9th Cir. 1994). Since the court has granted leave for the Bank of New York Mellon to amend its claim and presumes it will do so, the court will rule on the motion to confirm the plan.

### 1. Section 1325(a)(6)

The proposed plan must be feasible. 11 U.S.C. § 1325(a)(6). Feasibility is a "factual determination" as to the plan's "reasonable likelihood of success." *First Nat'l Bank of Boston v. Fantasia (In re Fantasia)*, 211 B.R. 420, 423 (B.A.P. 1st Cir. 1997). The bankruptcy court needs to "be satisfied that the debtor has the present as well as the future financial capacity to comply with the terms of the plan." *Id.*

This plan is not feasible. That is true for three different reasons. First, if the debtor wishes to attack the Bank of New York Mellon's deed of trust, it must do so via litigation, and not by plan confirmation. 11 U.S.C. § 1322(b)(2) (residential mortgages may not be modified Chapter 13 plans); *In re de la Salle*, 461 B.R. 593, 602 (B.A.P. 9th Cir. 2011).

Here, the debtor has attempted to do precisely that, i.e., litigate the validity of the deed of trust. Twice. And in each instance, he was found to lack standing. Findings and Recommendations 2:12, *Wilkinson v. PHH Mortgage Corporation*, No. 2:24-cv-1416 (E.D. Cal. February 20, 2025), adopted by Order, ECF No. 31; Mem., *Wilkinson v. PHH Mortgage Corporation*, No. 25-2061 (Bankr. E.D. Cal.2025), ECF No. 126. As a result, his plan is not feasible.[2]

Second, the debtor has no disposable income. The plan payment is

---

[2] That the court sustained the claim objection without prejudice is of no significance. Any substantive attack of the validity of the Bank of New York Mellon's rights must be by adversary proceeding. Fed. R. Bank. P. 7001.

modest, i.e., $20 per month.  But even so, the debtor has net negative disposable income of $1,592.11 per month.  Suppl. Schedules I and J, ECF No. 11.

Third, curing an arrearage of $52,783.85 is not feasible.  There are two scenarios with respect to the validity of the Bank of New York Mellon's security interest: (1) the debtor's attack on the security interest will succeed; or the debtor's attack on the security interest will fail.  The debtor's plan fails to address, sufficiently, the second alternative in light of a negative projected disposable income and, hence, the plan is not feasible.

### 2. Sections 1322(b)(3),(b)(5) and 1325(a)(5)

The Bankruptcy Code provides for four, and only four, treatments of secured claims in a Chapter 13 plan: (1) cure and reinstate, 11 U.S.C. § 1322(b)(3), (5); (2) customized treatment of the claim by consent of the impacted secured creditor, 11 U.S.C. § 1325(a)(5)(A); (3) surrender of the collateral, 11 U.S.C. § 1325(a)(5)(C); and (4) secured creditor retention of its lien and paid under the terms of the plan.  11 U.S.C. § 1325(a)(5)(B).

Not authorized by § 1325(a)(5) is confirmation of a Chapter 13 plan that provides a platform from which the debtor may launch attacks on the validity of the secured debt, while enjoying the benefit of the stay, 11 U.S.C. § 362, and without servicing the debt.  *In re de la Salle*, 461 B.R. 593, 602 (B.A.P. 9th Cir. 2011).  There, the debtor "identity of the entity legally authorized and entitled to enforce the note and deed of trust against debtors' real property and the validity of the deed of trust itself."  In 2005, the debtor signed a $668,000.00 note in favor of Countrywide Home Loans; the note was secured by the debtor's residence.  Later, she defaulted on the loan,

11

a notice of default and notice of sale issued.  Before the trustee's sale, the debtor brought a suit in the Eastern District of California "seeking to invalidate the security interest on her property based on various theories."  *De La Salle*, p. 596.  The defendants moved to dismiss her complaint and the U.S. District Court granted the motion.  Her appeal to the Ninth Circuit was dismissed for failure of prosecution.

Thereafter, the debtors filed a pro se Chapter 13 petition in the Eastern District of California and "mounted a multifaceted attack on [the bank's] claim." *Id.*  Schedule D admitted that the bank held a secured claim against their residence; Schedule F listed the bank's claim as unsecured and disputed, albeit in an unspecified amount.  Eventually, the debtors filed a Second Amended Chapter 13 Plan, which failed to provide for the bank's secured claim at all, but provided that they would: (1) file a Proof of Claim on behalf of the bank and then object to it; and (2) file an adversary proceeding against the bank.  The bank objected to confirmation "on the grounds that (1) the plan did not provide for payment of the arrears or ongoing mortgage payments and (2) was not feasible given that debtors' net monthly income of $1081 was insufficient to make the monthly payments to U.S. Bank, which alone were $6,423.77 per month." *De La Salle* p. 597.

Shifting into high gear, the debtors attacked the bank's security interest.  First, after the bank filed a secured claim for $828,000, the debtors objected to the Proof of Claim, arguing that the creditor lacked standing.  Second, the debtors filed an adversary proceeding "declaration that the trust deed was defective and to quiet title against the various defendants." *De La Salle* p. 598.  Though most defendants were dismissed, the court allowed the adversary proceeding

to go forward against the bank, believing that "the issues of whether the deed of trust was unperfected and whether U.S. Bank had standing to enforce the note could not have been raised in the district court action." *De La Salle* p. 598. The Bankruptcy Court then administratively consolidated the claim objection and the adversary proceeding.

The bank moved to dismiss or convert the case, arguing the debtor's failure to make post-payments on its secured claim and eligibility, 11 U.S.C. § 109(e) (debt limits). The debtors opposed contending:

> [T]hat U.S. Bank was neither a secured nor unsecured creditor in their case, that it filed a fraudulent proof of claim in their case, and that it committed a fraud on the court by pretending to be a bona fide creditor. They further asserted that it would violate § 1322(b)(1) to make payments to U.S. Bank because such payments would discriminate unfairly against bona fide creditors. In addition, debtors maintained that U.S. Bank failed to prove that it was a party in interest with standing to be heard by the court as there was no evidence that it was the holder of the secured claim on their property.

*De La Salle* p. 599.

After further hearings, the bankruptcy court sustained the bank and trustee's objections to the Second Amended Chapter 13 case "the plan failed to provide for payment of the note securing debtors' residence in violation of § 1325(a)(5)," *De La Salle* p. 599, and converted the case to Chapter 7.

The debtor appealed and the Bankruptcy Appellate Panel affirmed. First, the panel held that the rights and procedures for objection to a Proof of Claim and Chapter 13 plan confirmation are different and "do not authorize debtors to change or reclassify a debt in their Chapter 13 plan which was set forth in a properly filed proof of claim." *De La Salle* p. 602. Second, the panel held that § 1322(b)(2)

13

1　prohibits debtors from modifying a claim secured their principal
2　residence.  *Id.*  Third, § 1325(a)(5) requires debtors to provide for
3　payment of the secured claim in an amount equal to the claim.  *Id.*
4　"Accordingly, despite debtors' claim objection and pending adversary
5　proceeding against U.S. Bank, as long as debtors proposed a plan which
6　provided for the bank's proof of claim as filed, confirmation of their
7　plan could have occurred."

8　　　*De La Salle* teaches us that a Chapter 13 plan, which fails to
9　provide for a secured creditor's claim in one of the manners
10　prescribed by 11 U.S.C. §§ 1322(b)(2), 1325(a)(5), may not be
11　confirmed while the debtor objects to the Proof of Claim or prosecutes
12　an adversary contesting the validity of the security interest.

13　　　The Chapter 13 plan now pending is very similar to that in *De La*
14　*Salle*.  The Bank of New York Mellon has filed a secured Proof of
15　Claim.  And the plan provides for no payment whatsoever to this
16　creditor.  Mot. Confirm Plan and Amended Chapter 13 Plan 28:28-3:121,
17　ECF NO. 187.

18　　　　　　**3.　　Sections 1325(a)(9)**

19　　　Chapter 13 plan confirmation is governed by 11 U.S.C. §§ 1322,
20　1325 and by Federal Rule of Bankruptcy Procedure 2002(b) and Local
21　Bankruptcy Rule 3015-1.  The debtor has the burden of proving that the
22　plan complies with all statutory requirements of confirmation.  *In re*
23　*Andrews*, 49 F.3d 1404, 1407–08 (9th Cir. 1995); *In re Barnes*, 32 F.3d
24　405, 407–08 (9th Cir. 1994).

25　　　The debtor must prove that he is fully tax compliant.  11 U.S.C.
26　§ 1325(a)(9).  The requirement applies to the four tax years ending
27　before the filing of the petition.  11 U.S.C. § 1308.  He has not
28　demonstrated full tax compliance for tax years 2021, 2022, 2023, and

14

2024.

For each of these reasons, the court will deny plan confirmation.

**C. Dismissal and/or Conversion**

A Chapter 13 case may be dismissed for cause on the motion of the trustee.

> On request of a party in interest or the United States trustee and after notice and a hearing, *the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause*, including--(1) unreasonable delay by the debtor that is prejudicial to creditors...

11 U.S.C. § 1307(c) (emphasis added).

Cause includes the failure to achieve plan confirmation. *In re Tran*, 2006 WL 6811015 (9th Cir. BAP August 8, 2006) (delay of more than one year).

This case is more than 14 months old. Plan confirmation has not been achieved. The trustee's motion to dismiss has been pending for eight months and has been continued three times to allow the debtor to reorder his affairs. Having denied confirmation, the court finds cause.

Here, the only creditor is the Bank of New York Mellon and, therefore, there are no other creditors whose interests need to be protected. The bank is protected by its security interest, Claim No. 1, and will be best served by dismissal to allow it to foreclose its deed of trust.

/

/

/

/

**V.	CONCLUSION**

The debtor's objection to the Bank of New York Mellon's claim is sustained without prejudice and his motion to confirm will be denied. The trustee's motion to dismiss the case will be granted.

Dated: November 19, 2025

_____
Fredrick E. Clement
United States Bankruptcy Judge

16

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |
| **All Creditors and Interested Parties** | |